IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| vs. | )   CRIMINAL ACTION NO. 22-00138-KD |
| | ) |
| JOHN ANDREW BAZOR, JR., | ) |
| | ) |
| Defendant. | ) |

**ORDER FOR HOSPITALIZATION AND TREATMENT**
**OF DEFENDANT PURSUANT TO 18 U.S.C. § 4241(d)**

This action is before the Court for a competency hearing pursuant to 18 U.S.C. § 4247(d). The competency hearing was held on November 10, 2022. Defendant John Andrew Bazor, Jr., participated by videoconference. Defense counsel Gordon Armstrong and Assistant United States Attorney Justin Roller were present at the hearing.

Previously, Bazor was committed to the custody of the Attorney General, for an examination as to his competency to proceed and his mental status at the time of the offense pursuant to 18 U.S.C. § 4241 and § 4242 (doc. 9). The Court and the parties have now received a copy of the Forensic Evaluation from the Forensic Psychologist at FCI Englewood in Littleton, Colorado (doc. 21, Sealed).

The Psychologist completed a mental health evaluation pursuant to 18 U.S.C. § 4241. As to competency to stand trial, the Psychologist opined that "[b]ased on Mr. Bazor's current presentation and the information available, there is evidence to indicate he suffers from a mental disorder . . . that significantly impairs his present ability to understand the nature and consequences of the court proceedings against him, and his ability to properly assist counsel in his defense" and thus "currently incompetent to proceed" (doc. 21, p. 16, Sealed). The

Psychologist found that the "prognosis for restoration was positive" and recommended an additional period of evaluation and treatment at a Federal Medical Center pursuant to 18 U.S.C. § 4241(d) to restore competency.

This Forensic Evaluation and the opinion of the examining Psychologist expressed therein was the only evidence offered regarding Bazor's competency to proceed at this time and potential for restoration to competency to proceed. Accordingly, upon consideration of the Forensic Evaluation and opinion, which the Court adopts as its reasoning and opinion, and the parties' positions as set forth at the hearing, the Court finds by a preponderance of the evidence that Bazor is "presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense[.]" 18 U.S.C. § 4241(d).

Accordingly, Bazor is committed to the custody of the Attorney General who shall hospitalize him for treatment in a suitable facility "(1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future [Bazor] will attain the capacity to permit the proceedings to go forward[.]" 18 U.S.C. § 4241(d)(1). If additional time is needed, the Bureau of Prisons, the United States, or Defendant Bazor can request an extension under § 4241(d)(2) which provides "for an additional reasonable period of time until-- (A) his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or (B) the pending charges against him are disposed of according to law; whichever is earlier." 18 U.S.C. § 4241(d)(2).

Should the Director of the facility in which Bazor is hospitalized pursuant to this order

determine that he "has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense", the Director "shall promptly file a certificate to that effect" with the Clerk of this Court. 18 U.S.C. § 4241(e). The Clerk shall send a copy of the certificate to Bazor's counsel and to the attorney for the United States.

Thereafter, this Court will schedule a hearing pursuant to the provisions of 18 U.S.C. § 4247(d) to determine Bazor's competency. If, after the hearing, the Court finds by a preponderance of the evidence that Bazor has "recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him he is able to assist properly in his defense," the Court will order his discharge and transfer from the facility in which he is hospitalized and will set this action for trial or other disposition. 18 U.S.C. § 4241(e).

The United States Marshal is DIRECTED to notify the Clerk of Court immediately upon Bazor's return to the Southern District of Alabama.

DONE and ORDERED this the 10th day of November 2022.

s / Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE