# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **vs.** | ) | **Criminal Action No. 22-00138-KD-N** |
| | ) | |
| **JOHN ANDREW BAZOR, JR.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Previously, Defendant John Andrew Bazor, Jr. was committed to the custody of the Attorney General for the purpose of a psychological or psychiatric examination as to his competency to stand trial pursuant to 18 U.S.C. § 4241 and an insanity examination pursuant to 18 U.S.C. § 4242 (doc. 9).  The Court found Bazor was not competent to proceed and he was committed to the custody of the Bureau of Prisons for hospitalization and treatment and a determination as to restoration to competency (doc. 24).  This action is now before the Court on Bazor's Forensic Evaluation pursuant to 18 U.S.C. § 4241 and Certification of Restoration (doc. 32, Sealed).  The Examining Psychologist opines that Bazor is currently competent to proceed.

The competency hearing pursuant to 18 U.S.C. § 4241(c) and 18 U.S.C. § 4247(d) was held December 18, 2023.  Defendant Bazor attended the hearing by videoconference.  Defense counsel Gordon G. Armstrong III and Assistant United States Attorney Justin D. Roller were present for the hearing.  The Evaluation and the opinions contained therein were the only evidence offered with respect to Bazor's competency to proceed to trial.

"The Due Process Clause of the Fifth Amendment requires that a defendant be mentally competent to be tried or convicted." United States v. Harris, 741 Fed. Appx. 663, 667 (11th Cir. 2018) (citing United States v. Rodriguez, 751 F.3d 1244, 1252 (11th Cir. 2014)).  Bazor shall be

considered mentally competent to stand trial if found to have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him." Dusky v. United States, 362 U.S. 402, 402, 80 S. Ct. 788, 789 (1960); Adams v. Wainwright, 764 F.2d 1356, 1359-60 (11th Cir.1985), *cert. denied*, 474 U.S. 1073, 106 S. Ct. 834 (1986) (same); Harris, 741 Fed. Appx. at 667 (quoting Rodriguez, 751 F.3d at 1252) ("The standard of competence is 'whether the defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding,' and whether the defendant has a rational and factual understanding of the criminal proceedings."); United States v. Evans, 332 Fed. Appx. 561, 562 (11th Cir. 2009) ("For a defendant to be competent ..., he must have 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding ... [and] ha[ve] a rational as well as factual understanding of the proceedings against him.'") (quoting United States v. Rahim, 431 F.3d 753, 759 (11th Cir. 2005) (per curiam)). See also Godinez v. Moran, 509 U.S. 389, 401 n.12, 113 S. Ct. 2680, 2687 (U.S. 1993) ("the question is whether [the defendant] has the ability to understand the proceedings.").

Upon consideration the opinion of the Forensic Psychologist, and the parties' respective positions as set forth at the hearing, the Court finds by a preponderance of the evidence that Bazor is not "suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense[,]" 18 U.S.C. § 4241(d).  Therefore, he is competent to proceed to trial.

At the competency hearing, Defendant Bazor informed the Court that he did not intend to raise an insanity defense. Fed. R. Crim P. 12.2.  Therefore, an insanity examination pursuant to

18 U.S.C. § 4242 is no longer necessary, and the Order directing the Bureau of Prisons to evaluate Bazor as to his sanity at time of the offense is vacated.

Accordingly, Bazor shall be discharged and transferred from the facility where he is hospitalized to the Southern District of Alabama for further proceedings.  The United States Marshal is directed to expedite Bazor's transfer and to immediately notify the Clerk of Court upon Bazor's return to the Southern District of Alabama.

DONE and ORDERED this 19th day of December 2023.

s / Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE